UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/23/2020

IDEAVILLAGE PRODUCTS CORP.,

                 Plaintiff,

           -against-

A1559749699-1, et al.

                 Defendants.

1:20-cv-04679-MKV

ORDER DENYING
MOTION FOR PRELIMINARY
INJUNCTION

IDEAVILLAGE PRODUCTS CORP.,

                 Plaintiff,

           -against-

1TREE OUTDOOR STORE, et al.

                 Defendants.

1:20-cv-04680-MKV

IDEAVILLAGE PRODUCTS CORP.,

                 Plaintiff,

           -against-

ANTIKER, et al.

                 Defendants.

1:20-cv-04681-MKV

IDEAVILLAGE PRODUCTS CORP.,

                 Plaintiff,

           -against-

ABCHOUSE, et al.

                 Defendants.

1:20-cv-04682-MKV

IDEAVILLAGE PRODUCTS CORP.,

                 Plaintiff,

           -against-

BERNARD.HK, et al.

                 Defendants.

1:20-cv-04683-MKV

MARY KAY VYSKOCIL, United States District Judge:

On June 17, 2020, Plaintiff IdeaVillage Product Corp. brought five separate but related actions against hundreds of defendants it has accused of infringing its intellectual property, namely a series of trademarks and copyrighted works related to its HD VISION suite of eyewear. *See*, *e.g.*, 20-cv-4679, ECF 7.  Each action corresponds to a different online marketplace (such as eBay, Ali Baba, or Amazon) and names dozens or hundreds of virtual storefronts selling allegedly infringing products on that network.  Each action was filed under seal and sought a temporary restraining order ("TRO"), and eventually a preliminary injunction, to prevent defendants from continuing to sell counterfeit products during the pendency of this action.  The Court granted the TROs, which included a provision for alternative service via email, and set a hearing for the preliminary injunctions on July 21, 2020.  *See*, *e.g.*, 20-cv-4679, ECF 18.  For the reasons stated at the conference and reiterated below, Plaintiff has not met its burden to support the entry of a preliminary injunction, and its motion is DENIED in all five cases.

At the hearing, three defense counsel appeared on behalf of three seperate groups of defendants in three different cases (20-cv-4679, 20-cv-4681, and 20-cv-4682) to oppose the entry of a preliminary injunction.  As an initial matter, counsel for two sets of defendants expressed significant concerns regarding service of the Complaint, TRO, and supporting papers.  While according to Plaintiff, most of their clients had been served, counsel outlined on the record that Plaintiff's efforts to serve a handful of defendants to date had been unsuccessful.  Defendants claimed to have only become aware of the lawsuit through the marketplace platform on which they sold goods and, in one case, only through the diligence of defense counsel were they able to determine where the lawsuit was filed, who the plaintiff was, and ultimately to obtain copies of the moving papers by reaching out to Plaintiff's counsel.  While it is not the time to pass

judgment on the effectiveness of service, particularly without any motion or briefing on this issue, the fact that counsel for two separate groups of defendants identified service issues is a cause for concern.  Even absent any service issues, however, Plaintiff has failed to demonstrate that entry of a preliminary injunction is appropriate.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*citing* Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129–130 (2d ed.1995)).  Under Federal Rule of Civil Procedure 65(a), a preliminary injunction is appropriate only if the movant shows: (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction."  *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015)); Fed. R. Civ. P. 65(a).

As stated on record at the July 21, 2020 hearing, the Court cannot find that Plaintiff has satisfied its burden to merit the imposition of a preliminary injunction at this time.  First, Plaintiff has not established a sufficient likelihood of success on the merits.  One group of defendants declared its intent to challenge the validity of the mark.  While it has not yet done so, those defendants identified legitimate issues with respect to the mark's descriptive character and, even if the mark is valid, there are genuine issues that defendants highlighted with respect to determining infringement liability. *Tiffany (NJ) Inc. v. eBay, Inc*., 600 F.3d 93 (2d Cir. 2010) (looking at whether mark is valid and use is likely to cause confusion).  Additionally, defendants

argued that the proposed injunction would freeze *all* business conducted by the defendant storefronts on the relevant e-commerce platform, even though the allegedly infringing activity only amounts to a few hundred dollars.  While defendants have not provided any evidence of that amount (at least at this time), it is the *Plaintiff's* burden to affirmatively demonstrate its entitlement to the injunction.

Despite the Court repeatedly offering an opportunity for the Plaintiff to introduce evidence in support of its preliminary injunction, at no point has it done so.  The complaints, TROs, and the documents filed in support of the same, are all devoid of any allegation as to the number or value of allegedly infringing sales, stating only that investigators had been able to purchase the products at issue and have them shipped to New York.  *See*, *e.g.*, 19-cv-4679, ECF 7 (Complaint), ECF 13 (brief in support of TRO), ECF 14 & 15 (declarations in support of TRO).  When asked directly by the Court whether Plaintiff had any evidence to offer in this regard during the evidentiary hearing, Plaintiff's counsel responded on record that it did not.  Nor did Plaintiff have any response to the issues raised by certain defendants with respect to the scope of the injunction and the volume of infringing sales.  Plaintiff also failed to offer any evidence either in its written submissions or at the hearing explicating the qualitative differences between their products and the alleged counterfeits that could indicate irreparable harm to their brand.  This is simply not enough to warrant the "drastic remedy" of a preliminary injunction.

In light of the foregoing and the scant evidentiary record developed by Plaintiff, the Court cannot find that Plaintiff has shown a likelihood of success on the merits.  Similarly, the Court cannot find a likelihood of irreparable harm, or that the balance of hardships tips in Plaintiff's favor, particularly given the breadth of the injunction sought.  Accordingly, Plaintiff's motion for a preliminary injunction is DENIED without prejudice.

**SO ORDERED.**

**Date:   July 23, 2020**
**New York, NY**

_____

**MARY KAY VYSKOCIL**
**United States District Judge**