USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__1/24/2022___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IDEAVILLAGE PRODUCTS CORP., | 1:20-cv-04679-MKV |
| Plaintiff, | |
| -against- | OPINION AND ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT AND DISMISSING COMPLAINTS |
| A1559749699-1, et al. | |
| Defendants. | |
| IDEAVILLAGE PRODUCTS CORP., | |
| Plaintiff, | |
| -against- | 1:20-cv-04680-MKV |
| 1TREE OUTDOOR STORE, et al. | |
| Defendants. | |
| IDEAVILLAGE PRODUCTS CORP., | |
| Plaintiff, | |
| -against- | 1:20-cv-04681-MKV |
| ANTIKER, et al. | |
| Defendants. | |
| IDEAVILLAGE PRODUCTS CORP., | |
| Plaintiff, | |
| -against- | 1:20-cv-04682-MKV |
| ABCHOUSE, et al. | |
| Defendants. | |
| IDEAVILLAGE PRODUCTS CORP., | |
| Plaintiff, | |
| -against- | 1:20-cv-04683-MKV |
| BERNARD.HK, et al. | |
| Defendants. | |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff brings five separate but related actions against hundreds of defendants it has accused of infringing its intellectual property, namely a series of trademarks and copyrighted works related to its HD VISION suite of eyewear.  (*See*, *e.g.*, Compl. [20-cv-4679, ECF No. 7]). Plaintiff moves for the entry of default judgment against Defendants who have not yet appeared in this case or answered Plaintiff's Complaint.  (*See*, *e.g.*, 20-cv-4679, ECF No. 42).  For the reasons stated on the record and for the following reasons, the Court denies Plaintiff's default judgment motion and dismisses these actions.

## BACKGROUND

This action was commenced on June 17, 2020 when Plaintiff IdeaVillage Product Corp. sued, in five separate cases, hundreds of defendants it accuses of infringing its intellectual property, consisting of a series of trademarks and copyrighted works related to its HD VISION suite of eyewear.  (*See*, *e.g.*, Compl.).  Plaintiff asserts six causes of action in each of its complaints: (1) trademark counterfeiting; (2) infringement of registered trademark; (3) infringement of unregistered trademark; (4) False Designation of Origin, Passing Off & Unfair Competition; (5) Federal Copyright Infringement; and (6) Unfair Competition under New York Common Law.  (*See*, *e.g.*, Compl.).

Each of the five actions corresponds to a different online marketplace (such as eBay, Ali Baba, or Amazon) and names various storefronts ranging from dozens to hundreds, each selling allegedly infringing products on the same online marketplace.  Each action was filed under seal and initially sought a temporary restraining order ("TRO"), and eventually a preliminary injunction, to prevent defendants from continuing to sell counterfeit products during the pendency of this action.  The Court granted the TROs, which included a provision for alternative

service via email, and set a hearing for the preliminary injunction motions on July 21, 2020. (*See*, *e.g.*, 20-cv-4679, ECF No. 18). That order also authorized expedited discovery in this case and ordered the online marketplaces at issue to "provide to Plaintiff's counsel all documents and records in its possession . . . relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including . . . a full accounting of Defendants' sales history and listing history under such accounts." (*See*, *e.g.*, [20-cv-4679, ECF No. 18] ¶ V.E.1.c). On July 23, 2020, the Court denied the Motion for a Preliminary Injunction on the ground that Plaintiff was not able to establish if they had a likelihood of success on the merits. (*See*, *e.g.*, 20-cv-4679, ECF No. 20). The Court also expressed concern that the Complaints, TRO applications, and the documents filed in support of the same, were "all devoid of any allegation as to the number or value of allegedly infringing sales." (*See*, *e.g.*, 20-cv-4679, ECF No. 20).

On November 24, 2021, Plaintiff moved this Court for entry of default judgment against certain non-appearing Defendants. (*See*, *e.g.*, 20-cv-4679, ECF No. 42). Plaintiff seeks statutory damages of $25,000 for each defendant and a permanent injunction against the sale by defendants of products that infringe on the HD Vision marks. (*See*, *e.g.*, 20-cv-4679, ECF No. 53).

## DISCUSSION

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not

3

entitled to default judgment as a matter of right, merely because a party has failed to appear or respond." *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). "A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to . . . establish the truth of the plaintiff's allegations." *Mickalis Pawn Shop*, 645 F.3d at 129 (quoting Fed. R. Civ. P. 55(b)(2)(B)–(C)).

It is well-established that a default judgment entered by a court that lacks personal jurisdiction over the parties is void. *Id.* at 138; *see also* "*R*" *Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008) (explaining that a lack of personal jurisdiction presents grounds for vacatur of a default judgment for voidness under Rule 60(b)(4)); *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 49 (2d Cir. 2021) (holding that a Court "must have personal jurisdiction over a party in order to enter a binding judgment against it."). Accordingly, the Second Circuit has held that "before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte. Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). The burden of proving that the elements of personal jurisdiction are present falls on the plaintiff. *See de Ganay v. de Ganay*, No. 11 CIV. 6490 NRB, 2012 WL 6097693, at *4 (S.D.N.Y. Dec. 6, 2012).

## I.   Personal Jurisdiction

On the present record, Plaintiff has not provided sufficient evidence for the Court to find that the Defendants are subject to personal jurisdiction in New York. Plaintiff does not contend that there is general jurisdiction, but rather argues that Defendants are subject to specific jurisdiction in New York. (*See*, *e.g.*, Compl. ¶ 3). Specific jurisdiction requires that a defendant

"purposefully avail[] itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011). Evaluating personal jurisdiction first involves an analysis of whether the law of the forum state, here — New York's long-arm statute, N.Y. C.P.L.R. § 302 — subjects the defendant to personal jurisdiction. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002).

Plaintiff points to two provisions of the New York long arm statute that it says subjects Defendants to jurisdiction here. (*See*, *e.g.*, Compl. ¶ 3). First, Plaintiff claims that Defendants have "transacted business" in New York, which subjects them to personal jurisdiction for claims related to that business. *See* N.Y. C.P.L.R. § 302(a)(1). Second, Plaintiff claims that Defendants' infringement activity is a "tortious act without the state causing injury to person or property within the state." N.Y. C.P.L.R. § 302(a)(3). On the record in this case, Plaintiff cannot establish that any provision of the New York long arm statute subjects Defendants to personal jurisdiction in New York.

### A.  Transaction of Business

Section 302 of the New York Civil Practice Law and Rules provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). Plaintiff argues that Defendants sell the infringing goods on websites that are accessible from New York. (*See*, *e.g.*, Pl. Br. 7). Courts in this district are split on what specific actions, if any, a defendant must take, in addition to operating a website accessible from New York, to constitute "transacting business in New York" for jurisdictional

5

purposes. *Compare e.g.*, *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18-cv-2897 (JPO), 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018) ("[T]he existence of an interactive patently commercial website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York.") *with Poof-Slinky, LLC v. A.S. Plastic Toys Co., Ltd.*, No. 19-cv-9399 (ER), 2020 WL 5350537, at *4 (S.D.N.Y. Sept. 4, 2020) (noting that defendants who did not ship any products to New York are nonetheless subject to jurisdiction because "the offering for sale of even one copy of an allegedly infringing item, even if no sale results, is sufficient to give personal jurisdiction over the alleged infringer" (quotation marks omitted)). However, this Court previously held that where a plaintiff "cannot point to a single sale that Defendants made into New York or any action that Defendants took to target their sales activity into this state," no specific personal jurisdiction exists over Defendants. *See Am. Girl, LLC v. Zembrka*, No. 1:21-CV-02372 (MKV), 2021 WL 1699928, at *5 (S.D.N.Y. Apr. 28, 2021). Several other Judges have reached the same conclusion. *See Pearson Educ., Inc. v. Shi*, 525 F. Supp. 2d 551, 556 (S.D.N.Y. 2007) ("Simply maintaining a web site in a distant state that residents of New York visit does not, by itself, subject a defendant to jurisdiction in New York. However, one who makes sales to New York customers through an interactive web site may be subject to the jurisdiction of courts in this state."); *ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 88 (E.D.N.Y. 2006) ("It stretches the meaning of 'transacting business' to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred." (quoting *Hammer v. Trendl*, No. 02 Civ.

2462, 2003 WL 21466686, *5 (E.D.N.Y. Jan. 18, 2003)); *Freeplay Music, Inc. v. Cox Radio, Inc.*,

No. 04 Civ. 5238 (GEL), 2005 WL 1500896, at *7 (S.D.N.Y. June 23, 2005) (same).

Plaintiff relies heavily on the line of cases in which various judges in this district have

held that selling infringing products on "highly interactive websites" is enough to establish

personal jurisdiction.  (*See*, *e.g.*, Pl. Br. [20-cv-4679, ECF No. 44] at 4–6).  And yet, Plaintiff

here concedes that "because Defaulting Defendants have failed to appear in this action, Plaintiff

was unable to determine whether every Defaulting Defendant sold Counterfeit Products to

consumers located in New York."  (*See*, *e.g.*, Pl. Br. 6; Yamali Decl. [20-cv-4679, ECF No. 43]

¶ 12).  Plaintiff instead avers that Plaintiff or its agents have completed "checkout pages from

each and every Defendant, including Defaulting Defendants, by inputting one of the New York

Addresses as the shipping address, and completing test purchases from a sampling of

Defendants, directing the Counterfeit Products into New York."  (*See*, *e.g.*, Yamali Decl. ¶ 12).

However, Plaintiff offers no evidence that any products actually made it to New York.  As such,

Plaintiff cannot establish personal jurisdiction over Defendants.  *See Am. Girl*, 2021 WL

1699928, at *5; *Pearson Educ.*, 525 F. Supp. 2d at 556; *ISI Brands*, 458 F. Supp. 2d at 88.

This conclusion is all the more appropriate on the facts in this case.  Almost two years

ago, this Court authorized expedited discovery in this case and ordered the online marketplaces

at issue to "provide to Plaintiff's counsel all documents and records in its possession . . . relating

to Defendants' User Accounts and Defendants' Merchant Storefronts, including . . . a full

accounting of Defendants' sales history and listing history under such accounts."  (*See*, *e.g.*, [20-

cv-4679, ECF No. 18] ¶ V.E.1.c).  At no point has Plaintiff ever raised with the Court any

discovery issues with respect to the production by the online marketplaces of a full accounting of

Defendants' sales history, nor has Plaintiff moved the Court to compel these online marketplaces

to comply with the Court's Discovery Order.  That Plaintiff cannot point to a single sale that occurred in this state after having access to such discovery for two years only reinforces the fact that Plaintiff cannot establish jurisdiction over Defendants.

Plaintiff's averment that it was "unable to determine whether every Defaulting Defendant sold Counterfeit Products to consumers located in New York" is also particularly problematic where the Court previously expressed concern, in denying Plaintiff's application for a preliminary injunction, that Plaintiff was unable to demonstrate a likelihood of success on the merits because its Complaints, TRO applications, and documents filed in support of the same, were "all devoid of any allegation as to the number or value of allegedly infringing sales." (*See*, *e.g.*, 20-cv-4679, ECF No. 20).  Plaintiff has had nearly two years to address this deficiency and yet has failed to do so.

Plaintiff does suggest that it has completed "test purchases from a sampling of Defendants." (*See*, *e.g.*, Yamali Decl. ¶ 12).  Plaintiff does not identify from which of the hundreds of named defendants Plaintiff completed a test purchase nor does it offer evidence that any products from these test purchases actually made it to New York.  Moreover, even if certain unspecified defendants may have shipped allegedly infringing products to New York in response to Plaintiff's purchase orders, the Court is still not satisfied that this would subject those Defendants to personal jurisdiction in New York.  "Courts in this District and elsewhere have expressed 'hostility towards finding jurisdiction under such potentially manufactured circumstances.'"  *Buccellati Holding Italia*, 935 F. Supp. 2d at 623 (quoting *Unique Indus., Inc. v. Sui & Sons Int'l Trading Corp.*, No. 05 Civ. 2744(KMK), 2007 WL 3378256, at *5 (S.D.N.Y. Nov. 9, 2007).  Specifically, it is not reasonable to conclude that Defendants purposefully availed themselves of transacting business in New York under such circumstances.  *See Brownstone Inv.*

*Grp. LLC v. Bonner & Partners, LLC*, No. 20-CV-7351 (AJN), 2021 WL 3423253, at *3 (S.D.N.Y. Aug. 5, 2021) (no jurisdiction where "the only actual transaction Plaintiff alleges is that of its paralegal") (Nathan, J.); *Richtone Design Grp., LLC v. Live Art, Inc.*, No. 12 CIV. 7652 JFK, 2013 WL 5904975, at *4 (S.D.N.Y. Nov. 4, 2013) ("[M]ost New York courts have held that a defendant's activities are not purposeful where the plaintiff initiated the single sale in a jurisdiction."); *Elbex Video Kabushiki Kaisha v. Taiwan Regular Elec. Co.*, No. 93 Civ. 6160(KMW), 1995 WL 224774, at *2 (S.D.N.Y. Apr. 14, 1995) (finding no personal jurisdiction where plaintiff arranged for former employee to make purchase from defendant for purpose of creating jurisdiction).  Moreover, "courts have concluded that in cases where . . . plaintiffs' causes of action are founded on notions of consumer confusion," it is "improper to rely on a transaction—for jurisdictional purposes—in which the purchaser obviously was not confused as to the source of the merchandise."  *Brownstone Inv. Grp.*, 2021 WL 3423253, at *3 (citation omitted).

While the issue of "manufactured jurisdiction" has never been decided by the Circuit, in *Chloe v. Queen Bee of Beverly Hills, LLC*, the Second Circuit noted in *dicta* that a "single act of shipping a counterfeit Chloé bag might well be sufficient, by itself, to subject [a defendant] to the jurisdiction of a New York court under section 302(a)(1)."  616 F.3d 158, 170 (2d Cir. 2010).[1] However, Plaintiff cannot establish that Defendants have shipped *any* allegedly infringing products to New York.  (*See*, *e.g.*, Yamali Decl. ¶ 12).  As such, on the record before it, the Court cannot find that Plaintiff has met the requirements of N.Y. C.P.L.R. section 302(a)(1).

---

[1] The Court in *Chloe* did not decide this issue because it concluded that the defendant in that case had engaged in activity beyond the single sale to Plaintiff.  *Id.* (concluding that defendant also "operated a highly interactive website offering such bags for sale to New York consumers . . . and engaged in fifty-two other transactions where merchandise was shipped to New York").  However, again, Plaintiff here cannot establish even that Defendants made a single sale to Plaintiff in New York.  (*See*, *e.g.*, Yamali Decl. ¶ 12).

Plaintiff cites to *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114 (2d Cir. 2011), in support of its argument that the bare allegations in its complaint that Defendants have "transacted business" in this State, (*see*, *e.g.*, Compl. ¶ 3), should be accepted as true on a motion for the entry of a default judgment, (*see*, *e.g.*, Pl. Br. 6).  Plaintiff's argument is not supported by *Mickalis Pawn Shop*.  *Mickalis Pawn Shop* makes clear that "before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." 645 F.3d at 137; *see also Sinoying Logistics*, 619 F.3d at 213 n.7 (holding that "a court *may* raise personal jurisdiction *sua sponte* when a defendant has failed to appear" (emphasis in original)). Indeed, district courts in this Circuit regularly deny motions for the entry of default judgment and dismiss cases where the court determines, *sua sponte*, that it does not have personal jurisdiction over defendants.  *See*, *e.g.*, *Hua Chen v. Honghui Shi*, No. 09 CIV. 8920 RJS, 2013 WL 3963735, at *4 (S.D.N.Y. Aug. 1, 2013) (denying a motion for entry of default judgment and dismissing a complaint after the district court *sua sponte* determined that plaintiffs had failed to establish personal jurisdiction over defendants); *de Ganay*, 2012 WL 6097693, at *7 (same).  Moreover, even to the extent that Plaintiff may plead that personal jurisdiction exists, (*see*, *e.g.*, Compl. ¶ 3), the Court is not bound under *Mickalis Pawn Shop* to accept that allegation as true where, as here, Plaintiff's allegation is controverted by the evidence that Plaintiff itself has put in the record, (*see*, *e.g.*, Yamali Decl. ¶ 12).  *Mickalis Pawn Shop* specifically recognizes that "[a] district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to . . . establish the truth of the plaintiff's allegations."  645 F.3d at 129 (quoting Fed. R. Civ. P. 55(b)(2)(B)–(C)).

**B.  Tortious Conduct Without The State Causing
Injury To Person Or Property Within The State**

Plaintiff also cannot establish that jurisdiction exists in this case based on Defendants'

alleged tortious conduct outside of the state.  The New York long-arm statute provides that

> a court may exercise personal jurisdiction over any non-
> domiciliary . . . who in person or through an agent . . . commits a
> tortious act without the state causing injury to person or property
> within the state, . . . if he . . . [either] regularly does or solicits
> business, or engages in any other persistent course of conduct, or
> derives substantial revenue from goods used or consumed or
> services rendered, in the state, or expects or should reasonably
> expect the act to have consequences in the state and derives
> substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. § 302(a)(3).

Accepting Plaintiff's allegations as true, Plaintiff cannot establish that Defendants'

infringement caused injury in New York so as to subject the defendants to personal jurisdiction

under this prong of the New York long-arm statute.  The New York Court of Appeals has held

that the situs of an injury based on copyright infringement occurring over the internet is "the

location of the copyright holder." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 16 N.Y.3d 295, 302,

946 N.E.2d 159, 162 (N.Y. 2011); *see also Am. Girl*, 2021 WL 1699928, at *7.  Under this

controlling New York law, and accepting Plaintiff's own allegations as true, Plaintiff fails to

allege that Defendants' purported infringement would cause injury in New York.  (*See, e.g.*,

Compl. ¶ 5 ("Plaintiff is a corporation organized and existing under the laws of the State of New

Jersey and has its principal place of business at 155 Route 46 West, Wayne, New Jersey

07470.").

\*      \*      \*

Plaintiff's conduct in this matter is troubling to the Court and is of a piece with a series

of infringement suits involving numerous foreign defendants operating online merchant

storefronts.  Plaintiff filed a Complaint in this matter, along with an application for an immediate temporary restraining order, obtained the right to seek expedited discovery to confirm sales by Defendants targeted to New York consumers, but thereafter took no action to prosecute the case or even to communicate with Defendants, but rather merely waited for certain defendants to default before filing a motion for the entry of default judgment against the non-appearing defendants.  Unable to provide any evidence whatsoever on the existence, number, or value of infringing sales, Plaintiff instead seeks statutory damages.  Nearly two years after this Court expressed to Plaintiff its concern about Plaintiff's likelihood of success on the merits and its order for the online marketplaces at issue in this action to provide Plaintiff with all the documents and records they possessed with respect to the non-appearing defendants' online merchant storefronts, Plaintiff appears to have taken no action to determine whether any of the non-appearing defendants have ever sold any product in New York and purposefully availed themselves of transacting business in this jurisdiction.  The Court will not turn a blind eye to its clear lack of jurisdiction over the non-appearing Defendants.

## <u>CONCLUSION</u>

As described above, Plaintiff has not established either that Defendants transact business in New York or that jurisdiction over them is appropriate based on a New York injury resulting from their tortious conduct.  As such, the Court cannot find that it has personal jurisdiction over Defendants and declines to enter a default judgment against Defendants.  Accordingly, Plaintiff's Motion for entry of a default judgment is DENIED.  Since Plaintiff has been unable to establish

personal jurisdiction over Defendants, these related actions are DISMISSED without prejudice for lack of personal jurisdiction.

The Clerk of Court is respectfully requested to close docket entries [20-cv-4679, ECF No. 42], [20-cv-4680, ECF No. 46], [20-cv-4681, ECF No. 56], [20-cv-4682, ECF No. 50], [20-cv-4683, ECF No. 40], and to close these cases.

**SO ORDERED.**

**Dated: January 24, 2022**
    **New York, New York**                      **HON. MARY KAY VYSKOCIL**
                                                **United States District Judge**